**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

HUBER, INC.                                    CIVIL ACTION

VERSUS                                         NO. 12-1269

RICHARD J. ANDREWS                             SECTION: "G"(1)

**ORDER AND REASONS**

Before the Court is Defendant Richard J. Andrews's ("Andrews") Motion to Dismiss for

Lack of Personal Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted.[1]

After considering the pending motion, the memorandum in support, the opposition, the reply, the

record, and the applicable law, the Court will deny the pending motion.

**I. Background**

*A. Factual Background*

Plaintiff Huber, Inc. ("Huber") is a Louisiana corporation with its principle place of business

in Louisiana.[2] Huber claims that Andrews contacted Huber in 2005 and placed an order for Huber

"to design, fabricate and supply certain parts and systems including but not limited to a Central

Hydraulic System, Bow Thruster, Steering Engine Controls, Boar Elevator, and Stern Doors for the

vessel known as 'Compass Rose.'"[3] Huber avers that it performed all services "outlined in the verbal

contract and subsequent change-orders authorized by Andrews and his representatives according to

---

[1]  Rec. Doc. 5.

[2]  Rec. Doc. 1-3 at ¶ 1 (state court petition).

[3]  *Id.* at ¶ 5.

Huber's then-current fee and cost schedule in effect at the time the work was performed, all as prescribed by the verbal contract."[4]

Further, Huber claims that "Andrews, and/or his agents or representatives, travelled to Louisiana and took delivery of the products produced by Huber," but that Andrews has "failed and refused to make payment to Huber" for this work "despite repeated billings, letters, and payment demands."[5] Huber seeks all funds it alleges it is owed under the verbal contract.[6]

### B. Procedural Background

Huber initially filed action on April 16, 2012, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. On May 16, 2012, Andrews removed this action to this Court based upon 28 U.S.C. § 1332 diversity jurisdiction.[7] Andrews filed the pending motion to dismiss on June 11, 2012.[8] On July 24, 2012, Huber filed an opposition.[9] On August 1, 2012, with leave of court, Andrews filed a reply.[10]

## II. Parties' Arguments

In support of the pending motion, Andrews argues that Huber is suing the incorrect party for breach of an oral contract. Andrews claims that the agreement was actually between Huber and CF & RJ, Inc. ("CF & RJ"), and all actions taken by Andrews were in his official capacity as Vice

---

[4] *Id.* at ¶ 8.

[5] *Id.* at ¶¶ 10-11.

[6] *Id.* at ¶ 13.

[7] Rec. Doc. 1.

[8] Rec. Doc. 5.

[9] Rec. Doc. 8.

[10] Rec. Doc. 12.

President of CF & RJ, which is now dissolved.[11] Further, Andrews claims that he has insufficient contacts with Louisiana to support this Court having personal jurisdiction over him.

Andrews further explains that on or about June 2005, in his capacity as Vice President of CF & RJ, he first contacted North American Ship Building ("North American") to discuss vessel designs. Shortly thereafter, CF & RJ and North American entered into an oral contract for construction of a vessel.

After construction began, North American subcontracted with Huber to perform various tasks for the construction of the "Compass Rose."[12] Andrews contends that on occasion he would negotiate directly with Huber, in his official capacity, about this construction.[13] Andrews stresses that "[a]ll payments for services related to the construction of the Compass Rose were made with CF & RJ funds and drawn from CF & RJ accounts."[14]

First, Andrews seeks dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. He explains that at the pleading stage, Huber is required to make a *prima facie* case for personal jurisdiction.[15] Andrews claims that Huber has not pointed to any conduct performed by him in his individual capacity in Louisiana.

Andrews continues to explain that Louisiana's Long Arm Statute extends to the limits of the federal Due Process Clause.[16] Therefore, a non-resident must have "certain minimum contacts with

---

[11]   Rec. Doc. 5-1 at p. 2.

[12]   *Id.*

[13]   *Id.* at pp. 2-3.

[14]   *Id.*

[15]   *Id.* (citing *Walk Haydel & Assocs. Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008)).

[16]   *Id.* at p. 4 (*Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1191 (La. 1987)).

[the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[17] A court may exercise general jurisdiction over a non-resident if he has continuous and systematic contacts with a forum. A court may exercise specific jurisdiction over a non-resident if sufficient contacts with the forum state arise out of the claim asserted in the petition.[18] Andrews asserts that Huber has not sufficiently alleged continuous and systematic contacts with Louisiana to support general jurisdiction; further, Andrews asserts that the only contacts to this forum that are referenced in the petition concern activity Andrews performed while in his official capacity with CF & RJ. Citing authority, Andrews claims that actions taken in one's official capacity may not be used to confer upon a federal court personal jurisdiction over an individual.[19] Andrews cites to his sworn declaration that all of his contacts with Louisiana were in his official capacity as Vice President of CF & RJ.[20]

In the alternative, Andrews argues that Huber's claims should be dismissed for failure to state a claim upon which relief can be granted. Andrews contends that he cannot be sued for breach of this contract, because he was not a party to a contract with Huber.[21] "[U]nless the officers and directors purport to bind themselves individually, they do not incur personal liability for the debts of a corporation."[22] Andrews acknowledges that as this is an oral contract with no written proof,

---

[17] *Int'l Shoe v. Wash.*, 326 U.S. 310, 316 (1945).

[18] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984).

[19] Rec. Doc. 5-1 at pp. 4-5 (citing *Willow Bend, L.L.C. v. Downtown ABQ Parts., L.L.C.*, 612 F.3d 390, 392 (5 th Cir. 2010)).

[20] *Id.* at p. 5 (citing Rec. Doc. 1-1 at p. 2).

[21] *Id.*

[22] *Dutton v. Vaughan, Inc. v. Spurney*, 600 So.2d 693, 697 (La. App. 4 Cir. 1992).

under Louisiana law the existence of the contract must be proven by circumstantial evidence.[23] Andrews claims that all the circumstantial evidence indicated that the contract was between Huber and CF & RJ: all service orders listed CF & RJ as the purchasing party, the Compass Rose was owned by CF & RJ, and at no time did Andrews own the Compass Rose.[24]

In opposition, Huber reiterates many of the allegations in its petition. Huber claims that "Andrews, at all times, acted in his personal capacity," and that all communications were mailed to Andrews, personally.[25] Huber also outlines myriad contacts Andrews had with Louisiana in connection with this oral contract.[26]

Huber highlights that when a court's in personam jurisdiction is challenged, a plaintiff must make only a *prima facie* showing of predicate facts.[27] Moreover, a court "must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction."[28]

Huber argues that the uncontested facts show that Andrews had enough contacts with Louisiana to support specific jurisdiction. Huber claims that Andrews, in his personal capacity, participated in negotiations in Louisiana and directed future consequences of the dealing to

---

[23] Rec. Doc. 5-1 at p. 6 (citing *Oppenheim v. Cute Togs of New Orleans, Inc.*, 631 F.Supp. 1265, 1269 (E.D. La. 1986)).

[24] *Id.*

[25] Rec. Doc. 8 at pp. 1-2 (citing Rec. Doc. 8-1 at ¶¶ 9, 13) (Declaration of Richard K. Blum, President of Huber).

[26] *Id.* at pp. 2-3.

[27] *Id.* at p. 4 (citing *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007)).

[28] *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

Louisiana. Huber claims the contract was between Huber and Andrews, and therefore he is a proper party.[29]

In reply, Andrews concedes that he has made contact with Louisiana, but that all of these contacts were incidental to his official capacity with CF & RJ.[30] Furthermore, he claims that the contract was entered into on behalf of CF & RJ, not him personally. Andrews highlights that neither Huber, nor the declarations it cites, deny several critical facts alleged by Andrews in his declaration that "clearly demonstrate that he was acting in an official capacity as Vice President of CF & RJ; specifically, he claims that Huber has not refuted directly the assertions he made in his declaration that (1) Andrews never intended to bind himself personally; (2) all payments made to Huber were made with CF & RJ funds and issued from a CF & RJ bank account; and (3) all sales and service orders with Huber indicate CF & RJ as the client or customer.[31] Additionally, Andrews emphasizes that Huber has not disputed that sales and service orders were issued from Huber to CF & RJ, not Andrews, and states that these are writings that prove Andrews's position.[32]

Andrews acknowledges that all contested facts must be resolved in favor of Huber, but avers that here there "simply are no contested facts."[33] Andrews claims that the uncontested portion of his declaration regarding payment and service orders demonstrates that the oral contract was between Huber and CF & RJ, not Andrews.[34]

---

[29] *Id.* at pp. 7-8.

[30] Rec. Doc. 12 at p. 2.

[31] *Id.* at p. 3 (citing Rec. Doc. 5-2 at ¶¶ 10-12).

[32] *Id.* at p. 4.

[33] *Id.*

[34] *Id.*

6

### III. Law and Analysis

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff rather than the movant has the burden of proof."[35] However, a plaintiff must only make a *prima facie* showing, which is less than a preponderance of the evidence.[36] "Conflicts between the affidavits submitted on the question of personal jurisdiction are thus resolved in favor of the plaintiff."[37] "When alleged jurisdictional facts are disputed, we must resolve all conflicts in favor of the party seeking to invoke the court's jurisdiction."[38]

The question of whether Andrews was acting in his personal or official capacity is dispositive on both issues in the pending motion. If Andrews was acting in his personal capacity, this Court would have specific jurisdiction over him based on his undisputed contacts with Louisiana in connection with this transaction, and he would be a party to the contract with Huber. However, if Andrews was acting in his official capacity, his contacts with Louisiana could not be considered for the purposes of personal jurisdiction, and he would not be a party to the contract with Huber.[39] The parties dispute whether Andrews was acting in his personal or official capacity. In the petition and in submitted declarations, Huber has alleged facts to make a *prima facie* showing of personal jurisdiction. In the petition, Huber alleges that Andrews entered into the oral contract, made additional orders with Huber, and traveled to Louisiana on numerous occasions "to take delivery of

---

[35] *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982).

[36] *Id.*

[37] *Id.*

[38] *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993).

[39] *Willow Bend*, 612 F.3d at 392.

products produced by Huber."[40] Huber has also provided the sworn declaration of Richard K. Blum, President of Huber, where he states, "Andrews ratified the contract, change orders, and he personally agreed to hire Huber, Inc.," and that "Andrews, at all times, acted in his personal capacity."[41] Andrews refutes many of these assertions with his own sworn declaration.[42]

This Court must resolve all jurisdictional disputes in favor of Huber. Here, neither party disputes the contacts Andrews had with Louisiana, but rather whether Andrews was acting in his personal or official capacity. Therefore, for purposes of the pending motion, the Court must resolve the dispute of Andrews's capacity in favor of Huber. When the Court assumes that Andrews was acting in his personal capacity, Huber has made a *prima facie* showing that personal jurisdiction exists.

Moreover, on a motion to dismiss for failure to state a claim, this Court must accept all allegations in the complaint as true.[43] "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[44] "A motion to dismiss on the basis of the pleadings alone should rarely be granted."[45] Again, Huber has alleged that Andrews entered into in the contract and had specific contacts with Louisiana as a result.[46] Therefore, accepting all facts

---

[40] Rec. Doc. 1-3 at ¶¶ 5, 9, 10.

[41] Rec. Doc. 8-1 at ¶¶ 8-9.

[42] *See generally*, Rec. Doc. 5-2.

[43] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[44] *Id.*

[45] *Madison* v. *Purdy*, 410 F.2d 99, 100 (5th Cir. 1969).

[46] Rec. Doc. 1-3 at ¶¶ 5, 9, 10.

alleged in the complaint as true and viewing it in the light most favorable to Huber, Huber has stated a claim upon which relief can be granted.

### IV. Conclusion

The parties dispute whether Andrews was acting in his personal or official capacity, and therefore the Court must resolve this conflict in favor of Huber for purposes of the pending motion. As such, the Court must deny the pending motion to dismiss for lack of personal jurisdiction and failure to state a claim.[47] Accordingly,

**IT IS HEREBY ORDERED** that Andrews's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted[48] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  1st  day of March, 2013.

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[47] While Huber need only make a *prima facie* showing of personal jurisdiction to defeat the pending motion, it must ultimately demonstrate that jurisdiction is proper by a preponderance of the evidence, and courts are permitted to defer the resolution of that question until trial to allow it to be resolved along with the merits. *Walk Haydel & Assoc.,* 517 F.3d at 241; *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986) ("Whatever degree of proof is required initially, a plaintiff must have proved by the end of trial the jurisdictional facts by a preponderance of the evidence.").

[48] Rec. Doc. 5.